UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Erica Tirado,<br><br>                    Plaintiff,<br>        -v-<br><br>Regional Aid For Interim Needs, Inc.,<br><br>                    Defendant. | Civ. Action #:<br><br>**Complaint**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

Plaintiff Erica Tirado ("Plaintiff" or "Tirado"), by Abdul Hassan Law Group, PLLC, her attorneys, complaining of Defendant Regional Aid For Interim Needs, Inc. ("RAIN" or "Defendant"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that she was employed by Defendant and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that she; (i) is entitled to unpaid overtime wages for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate; and (ii) is entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. § 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, that she is: (i) entitled to unpaid overtime wages from Defendant for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times her regular rate for such hours over forty in a week, (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law§§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff alleges that Defendant breached the Contract under which Defendant was obligated to pay Plaintiff all her wages (hourly rate for each and all hours worked) including her non-overtime and overtime wages, and as a result, Plaintiff is entitled to recover the wages and damages she is owed as a result of such breach, plus prejudgment

1

interest.

4. Plaintiff is also entitled to recover her unpaid wages, including her non-overtime wagesand unlawful wage deductions, under Article 6 of the New York Labor Law including Section 191, 193, and maximum compensation for not receiving notices and statements required by NYLL 195, and is also entitled to maximum liquidated damages – including maximum liquidated damages for being paid wages later than weekly (bi-weekly), interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claim under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

8. Plaintiff Erica Tirado ("Plaintiff" or "Tirado") is an adult, over eighteen years old, who currently resides in Bronx County in the State of New York.

9. Upon information and belief and at all times relevant herein, Regional Aid For Interim Needs, Inc. ("Rain" or "Defendant") is a New York Corporation with a place of business located at 84 Vermilyea Avenue, New York, NY 10034, where Plaintiff was employed.

## STATEMENT OF FACTS

10. Upon information and belief, and at all relevant times herein, Defendant provided interim

senior care and related services. See https://www.raininc.org.

11. At all times relevant herein, Defendant owned and/or operated about 78 locations and employed hundreds of employees.

12. Upon information and belief, and at all times relevant herein, Plaintiff was employed by Defendant in or around early August 2016 to on or about March 22, 2017.

13. At all times relevant herein, Plaintiff was employed by Defendant as a manual worker and performed a variety functions for such as cooking, dishwashing, cleaning, food serving, packing, unpacking, etc.

14. At all times relevant herein, Plaintiff was paid at an hourly rate of $14.17 an hour.

15. At all times relevant herein, Plaintiff worked about 42-45 hours a week for Defendant and likely more but Plaintiff was not paid for all hours worked in each week including her overtime hours worked (hours over 40 in a week). Defendant had a practice of reducing Plaintiff's hours worked by Plaintiff and paying her for less. For example, for the two-week pay period ending February 18, 2017, Plaintiff worked more than 85 hours for Defendant but was paid for only 71 hours by Defendant.

16. Plaintiff's hours worked and wages paid will be refined after Defendant produces employment, time and wage records it was required to keep under the FLSA and NYLL.

17. Plaintiff incorporates herein, _accurate_ records of her time, wages and employment that Defendant was required to keep pursuant to the FLSA and NYLL.

18. At all times relevant herein, Defendant did not provide Plaintiff with the notice(s) required by NYLL 195(1).

19. At all times relevant herein, Defendant not provide Plaintiff with the statement(s) required by NYLL 195(3) - the statements provided to Plaintiff did not contain all hours worked by Plaintiff, among other deficiencies.

20. Upon information and belief, and at all times relevant herein, Defendant had revenues and/or transacted business in an amount exceeding $500,000 annually.

21. At all times applicable herein, Defendant conducted business with vendors and other businesses outside the State of New York.

22. At all times applicable herein and upon information and belief, Defendant conducted business in interstate commerce involving the purchase of general items such as materials, equipment and supplies.

23. Defendant as a regular part of its business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

24. Defendant as a regular part of its business, engaged in credit card transactions involving banks and other institutions outside the state of New York.

25. At all times applicable herein and upon information and belief, Defendant transacted business with insurance companies, banks and similar lending institutions outside the State of New York.

26. At all times applicable herein and upon information and belief, Defendant utilized the instrumentalities of interstate commerce such as the United States mail, internet electronic mail and telephone systems.

27. At all times relevant herein and for the time Plaintiff was employed by Defendant, Defendant failed and willfully failed to pay Plaintiff an overtime rate of one and one half times her regular rate of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

28. Upon information and belief, and at all relevant times herein, Defendant failed to display federal and state minimum wage/overtime posters.

29. Upon information and belief, and at all relevant times herein, Defendant failed to notify Plaintiff of her federal and state minimum wage and overtime rights and failed to inform

Plaintiff that she could seek enforcement of such rights through the government enforcement agencies.

30. Defendant's termination of Plaintiff may have been wrongful. The circumstances Plaintiff's termination are under review and Plaintiff may assert wrongful termination claims at a later time in this action or in a separate action.

31. "Plaintiff as used in this complaint refers to the named Plaintiff.

32. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

33. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 32 above as if set forth fully and at length herein.

34. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the FLSA – 29 USC § 201 et Seq.

35. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendant constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. § 207.

36. At all times relevant herein, Defendant transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

37. At all times relevant herein, Defendant **failed** and **willfully failed** to pay Plaintiff overtime compensation at rates not less than one and one-half times her regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

## Relief Demanded

38. Due to Defendant's FLSA overtime violations, Plaintiff is entitled to recover from

Defendant, her unpaid overtime compensation, maximum liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. (Unpaid Overtime)

39. Plaintiff alleges, and incorporates by reference the allegations in paragraphs 1 through 37 above as if set forth fully and at length herein.

40. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations and wage orders thereunder including 12 NYCRR § 142.

41. At all times relevant herein, Defendant <u>failed</u> and <u>willfully failed</u> to pay Plaintiff overtime compensation at rates not less than 1.5 times her regular rate of pay for each hour worked in excess of forty hours in a work-week, in violation of the New York Minimum Wage Act and its implementing regulations and wage orders. N.Y. Lab. Law §§ 650 et seq., including 12 NYCRR § 142-2.2.

## Relief Demanded

42. Due to Defendant's New York Labor Law violations, Plaintiff is entitled to recover from Defendant, her unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
## BREACH OF CONTRACT

43. Plaintiffs allege and incorporate paragraphs 1 through 42 above as if set forth fully and at length herein.

44. At all times relevant herein, Defendant breached its wage and employment contract pursuant to which Defendant was required to pay Plaintiff for each and all hours worked in each week, at her regular rate for regular hours and her overtime rate for overtime hours, during her

employment with Defendant.

45. Plaintiff fully performed her obligations under the applicable wage and employment contract, including any and all condition precedents.

### Relief Demanded

46. Due to Defendant's breach of the Contract, Plaintiff is entitled to and seeks to recover from Defendant, her unpaid wages –the difference between the wages that Plaintiff was paid and the wages/overtime wages that Plaintiff should have been paid under the Contract, plus interest thereon.

### AS AND FOR A FOURTH CAUSE OF ACTION
### (NYLL § 190, 191, 193, 195 and 198)

47. Plaintiff alleges, and incorporates each and every allegation contained in paragraphs 1 through 46 above with the same force and effect as if fully set forth at length herein.

48. At all times relevant to this action, Plaintiff was employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

49. The deductions (earned wages not paid) taken by Defendant from the wages of Plaintiff, violated Article 6 of the NYLL including NYLL § 193.

50. Defendant violated and willfully violated NYLL §§ 190 et seq., including §§ 191, 193 and 198, by failing to pay Plaintiff all her wages including her unpaid non-overtime and overtime wages, (FLSA and NYMWA), as required under NY Labor Law § 190 et seq. including NYLL 191(1)(a).

51. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL § 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-b), as well as an injunction directing


Defendant to comply with NYLL § 195(1).

52. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL § 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL § 198 including NYLL § 198(1-d), as well as an injunction directing Defendant to comply with NYLL § 195(1).

### Relief Demanded

53. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendant, her entire unpaid wages, including her unpaid non-overtime and overtime wages, unlawful wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

54. Declare Defendant (including its overtime and wage payment policy and practice), to be in violation of the rights of Plaintiff, under the FLSA and New York Labor Law – 12 NYCRR § 142, and Article 6 of the NYLL – NYLL § 190 et Seq.

55. As to the **First Cause of Action**, award Plaintiff her unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

56. As to the **Second Cause of Action**, award Plaintiff her unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR §§ 142-2.2, together with maximum liquidated damages, prejudgment interest, costs and attorney's fees pursuant to NYLL § 663;

57. As to the **Third Cause of Action**, award Plaintiff any and all outstanding unpaid wages, plus

interest;

58. As to the **Fourth Cause of Action**, award Plaintiff any and all outstanding wages, including her entire unpaid wages, including her unpaid non-overtime and overtime wages, wage deductions, maximum liquidated damages, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

59. Award Plaintiff, any relief requested or stated in the preceding paragraphs but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

60. Award Plaintiff such other, further and different relief as the Court deems just and proper.

Dated: Queens Village, New York
       March 31, 2017

Respectfully submitted,


Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan_____
By: Abdul K. Hassan, Esq. (AH6510)
*Counsel for Plaintiff*
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 -Fax: 718-740-2000
Email: abdul@abdulhassan.com